Ellisen Shelton Turner, P.C. (SBN 224842)
*ellisen.turner@kirkland.com*
Yungmoon Chang (SBN 311673)
*yungmoon.chang@kirkland.com*
Sarah Mikosz (SBN 329255)
*sarah.mikosz@kirkland.com*
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone:  (310) 552-4200
Facsimile:   (310) 552-5900

Brandon H. Brown (SBN 266347)
*bhbrown@kirkland.com*
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:  (415) 439-1400
Facsimile:   (415) 439-1500

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RJ TECHNOLOGY LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>   Defendant. | CASE NO. 8:22-CV-1874-JVS-JDE<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>Date:  October 2, 2023<br>Time:  1:30 p.m.<br>Ctrm:  10C<br>Judge: Hon. James V. Selna<br><br>SAC Filed: April 13, 2023 |

**TABLE OF CONTENTS**

Page

I. BACKGROUND ........................................................................................... 1

II. LEGAL STANDARD .................................................................................. 3

III. ARGUMENT ................................................................................................ 4

    A. The Case Is In An Early Stage With Minimal Discovery ..................... 4

    B. A Stay Will Simplify The Issues In This Litigation ............................. 8

    C. No Undue Prejudice Or Tactical Disadvantage To Plaintiff .............. 11

IV. CONCLUSION .......................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barbaro Techs., LLC v. Niantic, Inc.*, No. 18-CV-02955-RS,
   2019 WL 13232979 (N.D. Cal. Apr. 24, 2019)..................................................7

*Caravan Canopy Int'l, Inc. v. Home Depot U.S.A., Inc.*, No. LACV 19-
   06224 PSG(ADSx),
   2021 WL 831028 (C.D. Cal. Feb. 25, 2021) .................................................6, 8

*Document Sec. Sys., Inc. v. Nichia Corp.*, No. SACV 17-08849
   JVS(JEM),
   2018 WL 10668060 (C.D. Cal. July 23, 2018) ..........................................*passim*

*Document Sec. Sys., Inc. v. Seoul Semiconductor Co., Ltd.*, No. SACV
   19-01792 JVS(DFM),
   2020 WL 11421528 (C.D. Cal. July 2, 2020)...........................................3, 10, 11

*E.Digital Corp. v. Dropcam, Inc.*, No. 14-CV-04922 JST,
   2016 WL 658033 (N.D. Cal. Feb. 18, 2016).................................................7, 12

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) .........................................................................3

*Finjan, Inc. v. Symantec Corp.*,
   139 F. Supp. 3d 1032 (N.D. Cal. 2015)....................................................9, 11, 13

*Idenix Pharms. LLC v. Gilead Scis. Inc.*,
   941 F.3d 1149 (Fed. Cir. 2019) .......................................................................10

*Nichia Corp. v. Vizio, Inc.*, SACV 18-00362 AG (KESx),
   2018 WL 2448098 (C.D. Cal. May 21, 2018).....................................................8

*Nike, Inc. v. Skechers U.S.A., Inc.*, No. LACV 19-09230 FLA(JDEx),
   2021 WL 4925447 (C.D. Cal. June 30, 2021)............................................*passim*

*Oyster Optics, LLC v. Ciena Corp.*, No. 4:20-CV-02354-JSW,
   2021 WL 4027370 (N.D. Cal. Apr. 22, 2021)...............................................7, 12

*PersonalWeb Techs., LLC v. Apple, Inc.*,
   69 F. Supp. 3d 1022 (N.D. Cal. 2014).......................................................6, 8, 11

*PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356,
   2014 WL 116340 (N.D. Cal. Jan. 13, 2014) .................................................. 7, 11

*Polaris PowerLED Techs., LLC v. TCL Corp.*, No. SACV 20-00127 JVS (DFMx),
   2020 WL 11710631 (C.D. Cal. July 24, 2020) ........................................... 4, 9, 11

*PowerOasis, Inc. v. T-Mobile USA, Inc.*,
   522 F.3d 1299 (Fed. Cir. 2008) ................................................................................ 10

*Purecircle USA Inc. v. SweetGen, Inc.*, No. SACV 18-1679 JVS(JDEx),
   2019 WL 3220021 (C.D. Cal. June 3, 2019) .......................................... 1, 4, 5, 9

*Sleep No. Corp. v. Sizewise Rentals, LLC*, No. LACV 18-00356 AB (SPx),
   2019 WL 1091335 (C.D. Cal. Feb. 12, 2019) ............................................................ 4

*Star Envirotech, Inc. v. Redline Detection, LLC*, SACV 12-01861 JGB (MLGx),
   2013 WL 1716068 (C.D. Cal. Apr. 3, 2013) ............................................... 10, 11

*Universal Elecs. Inc. v. Roku, Inc.*, No. SACV 18-01580 JVS(ADSx),
   2019 WL 6974173 (C.D. Cal. Nov. 4, 2019) .................................................. 4, 8

*UPL NA, Inc. v. Tide Int'l (USA), Inc.*, No. LACV 19-01201 RSWL(KSx),
   2021 WL 663128 (C.D. Cal. Feb. 19, 2021) ........................................ 4, 8, 10, 12

*Vivint, Inc. v. SkyBell Techs., Inc.*, LACV 21-09472 GHW(GJSx),
   2022 WL 18587113 (C.D. Cal. Nov. 9, 2022) .................................................. 6, 7

*Weserve Drone, LLC, v. SZ DJI Tech. Co.*, No. LACV 19-04382 AB(AFMx),
   2020 WL 4373365 (C.D. Cal. Mar. 17, 2020) ...................................... 5, 6, 9, 12

**Statutes**

35 U.S.C. §§ 311–319 ............................................................................................................ 2

**Other Authorities**

37 C.F.R. § 42 .......................................................................................................................... 2

On August 23, 2023, Defendant Apple Inc. ("Apple") filed a Petition for *Inter Partes* Review ("Petition") before the Patent Trial and Appeal Board (PTAB) seeking invalidation of all claims that Plaintiff RJ Technology LLC ("Plaintiff") asserts (claims 5–14) from the single patent at issue in this case, U.S. Patent No. 7,749,641 ("the '641 Patent"). Declaration of Yungmoon Chang ("Chang Decl."), ¶ 3, Ex. A. The PTAB accorded the Petition a filing date of August 23, 2023. *Id.* ¶ 4, Ex. B. Apple requests that the Court stay this case pending resolution of the PTAB's decision on institution and, if instituted, the subsequent *inter partes* review (IPR) proceedings. Apple's request for a stay finds support in the "liberal policy in favor of granting motions to stay," *Purecircle USA Inc. v. SweetGen, Inc.*, No. SACV 18-1679 JVS(JDEx), 2019 WL 3220021, at *1 (C.D. Cal. June 3, 2019), and the specific circumstances of this case, where (1) although a *Markman* order has issued, minimal discovery has taken place (as illustrated by Plaintiff's total production of 149 documents, all of which are public, and Plaintiff's recent representation that the inventors have not yet obtained visas to be deposed in the U.S. and may not obtain them before the close of fact discovery), (2) the Petition may simplify the issues by disposing of the entire case or narrowing issues of infringement and invalidity, (3) the Plaintiff's election of broad claim constructions substantially increases the likelihood that the PTAB will find the '641 Patent invalid, and (4) the Plaintiff, as a non-practicing entity, will not be unduly prejudiced by a stay. In view of the foregoing, Apple requests a stay until the Petition and any subsequent IPR proceeding is resolved.

## I.   BACKGROUND

Plaintiff brought this patent infringement action on October 13, 2022 (Dkt. 1) and filed a First Amended Complaint ("FAC") on December 9, 2022 (Dkt. 30). The Court granted-in-part Apple's motion to dismiss (Dkt. 47), following which Plaintiff filed a Second Amended Complaint ("SAC") on April 13, 2023 (Dkt. 51). Plaintiff accuses roughly 70 Apple products of infringement and has not narrowed the set of accused products to date. Chang Decl., ¶ 8, Ex. E. A *Markman* hearing was held on July 31,

2023, and the Order issued on August 2, 2023. Dkt. 82. Fact discovery is currently set to close on December 8, 2023, expert discovery on March 8, 2024, and trial is set for June 25, 2024. Dkt. 35.

Regarding discovery, to date, Plaintiff has produced a total of 149 documents, all of which are prior art references from the file history of the Asserted Patent or public references used to support Plaintiff's infringement and claim construction positions. *Id.*, ¶ 10. To date, Apple has produced roughly 6,800 documents and is performing additional collections at Plaintiff's request. *Id.*, ¶ 11. No third parties, including any of Apple's battery manufacturers, have been subpoenaed by either side. *Id.*, ¶ 13.

Pursuant to Federal Rule of Civil Procedure ("Rule") 26, Plaintiff and Apple served their Initial Disclosures on January 19, 2023. *Id.*, ¶ 5, Ex. C. Plaintiff identified Xiaoping Ren and Jie Sun, the named inventors of the '641 Patent, as the only individuals likely to have discoverable information regarding corporate matters relating to RJ Technology, assignment and prosecution of the '641 Patent, and the conception, reduction to practice, and inventorship of the '641 Patent. *Id*. Plaintiff did not identify any other individuals likely to have any discoverable information. *Id*. Neither party has taken a deposition (including no expert depositions as part of the *Markman* process), and the parties have not scheduled any depositions. *Id.*, ¶ 13. On August 11, 2023, Plaintiff confirmed that Messrs. Ren and Sun would agree to sit for a deposition in the United States contingent on their ability to timely acquire visas permitting travel to the United States before the close of fact discovery, and Apple's agreement to conduct a consolidated deposition with third-party Samsung, the defendant in a separate litigation Plaintiff filed in the Eastern District of Texas. *Id.*, ¶ 14, Ex. F. The parties have yet to resolve the terms of Mr. Ren's and Mr. Sun's depositions and have not noticed any depositions. *Id*. According to Plaintiff, Messrs. Ren and Sun have not yet obtained visas that would allow them to travel to the United States for that deposition. *Id*.

On August 23, 2022, within 21 days of receiving this Court's *Markman* Order, Apple filed a Petition pursuant to 35 U.S.C. §§ 311–319 and 37 C.F.R. § 42. The

Petition challenges claims 5–14 of the '641 Patent (the "Asserted Claims"), which overlaps completely with all remaining asserted claims in this litigation. Chang Decl. ¶ 3, Ex. A. A Notice of Filing Date Accorded was received on August 28, 2023. *See* Chang Decl. ¶ 4, Ex. B. The Patent Owner's deadline to file or waive a preliminary response is November 28, 2023, and the deadline for the PTAB to issue a decision on institution is approximately February 28, 2024.

## II. LEGAL STANDARD

"A district court may stay proceedings pursuant to its inherent power to 'control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Document Sec. Sys., Inc. v. Nichia Corp.*, No. SACV 17-08849 JVS(JEM), 2018 WL 10668060, at *2 (C.D. Cal. July 23, 2018); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings."). "The competing interests that a district court must weigh in deciding whether to grant a stay include the possible damage which may result from the granting of a stay; the hardship or inequity which a party may suffer in being required to go forward; and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Document Sec. Sys., Inc.*, 2018 WL 10668060, at *2 (quotations omitted).

In the specific context of staying a case pending IPR, courts generally consider: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Document Sec. Sys., Inc. v. Seoul Semiconductor Co., Ltd.*, No. SACV 19-01792 JVS(DFM), 2020 WL 11421528, at *1 (C.D. Cal. July 2, 2020). "The inquiry, however, is not limited to these factors and the totality of the circumstances governs." *Id.* (quotations omitted).

## III. ARGUMENT

Based on the early stage of this litigation and the discovery to date, the complete overlap between the Asserted Claims and the claims at issue in the pending IPR, and the lack of prejudice to a non-competitor party, like Plaintiff, Apple respectfully requests a stay pending IPR. The "liberal policy in favor of granting motions to stay pending IPR," *UPL NA, Inc. v. Tide Int'l (USA), Inc.*, No. LACV 19-01201 RSWL(KSx), 2021 WL 663128, at *2 (C.D. Cal. Feb. 19, 2021), is due in part to the frequency in which courts find "enter[ing] a stay … pending resolution of independent proceedings [judicial, administrative, or arbitral in character] which bear upon the case" to be "efficient for its own docket and the fairest course for the parties." *Nike, Inc. v. Skechers U.S.A., Inc.*, No. LACV 19-09230 FLA(JDEx), 2021 WL 4925447, at *2 (C.D. Cal. June 30, 2021). Motions to stay are to be decided on "a case-by-case basis" depending on the specific facts and circumstances of a case. *Id.* Here, each of the three factors, individually and in their totality, and principles of judicial efficiency weigh in favor of a stay.

### A. The Case Is In An Early Stage With Minimal Discovery

To date, and by Plaintiff's own characterizations, discovery is far from complete. Thus, a stay at this point "would significantly conserve resources for both the parties and the Court." *Polaris PowerLED Techs., LLC v. TCL Corp.*, No. SACV 20-00127 JVS(DFMx), 2020 WL 11710631, at *2 (C.D. Cal. July 24, 2020); *see also Purecircle USA Inc.*, 2019 WL 3220021, at *1 (noting "liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery"). In assessing the stage of the proceeding, courts generally consider "the status of discovery, claim construction, setting of a trial date, and the Court's expenditure of resources" as of "the date of ... filing ... the motion to stay." *UPL NA, Inc.*, 2021 WL 663128, at *2. The expenditure of judicial resources "is an important factor in evaluating the stage of the proceedings," *Sleep No. Corp. v. Sizewise Rentals, LLC*, No.

LACV 18-00356 AB(SPx), 2019 WL 1091335, at *2 (C.D. Cal. Feb. 12, 2019), and courts in this district, including this Court, have reiterated that "*where there is more work ahead of the parties and the Court than behind*, this factor weighs in favor of granting a stay." *Document Sec. Sys., Inc.*, 2020 WL 11421528, at *2; *Universal Elecs. Inc. v. Roku, Inc.*, No. SACV 18-01580 JVS(ADSx), 2019 WL 6974173, at *2 (C.D. Cal. Nov. 4, 2019).¹ Here, there are several reasons why the stage of this case favors a stay.

*First*, discovery is far from complete—substantial fact discovery remains, and expert discovery has yet to begin. According to correspondence between the parties (as recently as August 23, 2023) regarding ongoing discovery, both parties still seek considerable discovery. Plaintiff, for example, has only produced 149 publicly available documents in connection with its infringement and claim construction positions. Chang Decl., ¶ 10. Plaintiff has not yet produced *any* documents related to the co-pending Chinese litigation over a foreign counterpart patent, documents regarding the testing and experiments (including what parameters were used) referenced in the specification of the '641 Patent, licensing of the '641 Patent, or Plaintiff's corporate structure. *Id.*, ¶¶ 10,15. Plaintiff still has not produced a complete file history for the '641 Patent or any of its foreign counterparts, despite promising to do so by August 25, 2023. *Id.*, ¶ 15, Ex. G. Apple, having produced roughly 6,800 documents, too intends to supplement its productions after consideration of Plaintiff's requests, which include requests for the complete sales history for each of the (approximately) 70 accused products, supplier information for the accused products, and manufacturing information for the batteries used in each of the accused products. The remaining substantial discovery weighs in favor of a stay. *See Nike, Inc.*, 2021 WL 4925447, at *4 (noting "discovery has not yet closed, depositions have not been taken (aside from a single deposition of each side's

---

¹ All emphases added unless otherwise noted.

experts related to claim construction), and trial is not approaching"); *Weserve Drone, LLC, v. SZ DJI Tech. Co.,* No. LACV 19-04382 AB(AFMx), 2020 WL 4373365, at *2 (C.D. Cal. Mar. 17, 2020) (noting "discovery ha[d] only just begun" and the plaintiff "concede[s] that discovery is not complete and does not argue that it is anywhere near completion"); *Purecircle USA Inc.*, 2019 WL 3220021, at *1 (noting "fact discovery [was] not set to close [for approximately] four months" and no depositions had been taken).

Even if substantial fact discovery had taken place (it has not), pending expert discovery (which does not close until March 2024) warrants a stay. For example, in *PersonalWeb Technologies v. Apple,* the parties completed "substantial" fact discovery, including exchanging over 100 requests for production, producing over 500,000 pages, responding to over 50 interrogatories, and taking over a dozen depositions, but the court stayed the litigation (despite the "judicial system ha[ving] expended significant resources"), as "the totality of expert discovery remain[ed]." *PersonalWeb Techs., LLC v. Apple, Inc.*, 69 F. Supp. 3d 1022, 1026 (N.D. Cal. 2014); *see also Vivint, Inc. v. SkyBell Techs., Inc.*, No. LACV 21-09472 GW(GJSx), 2022 WL 18587113, at * 3 (C.D. Cal. Nov. 9, 2022) ("While some discovery has occurred … much remains in the future, both as to fact … and expert discovery – weighing in favor of a stay.").

**Second**, the parties have not scheduled, much less taken, any depositions. Plaintiff has only identified two individuals likely to have discoverable information—Mr. Ren and Mr. Sun—both of whom reside in China, and Plaintiff only recently informed Apple that the inventors may not be able to obtain the requisite visas to be deposed in the U.S. before the close of fact discovery.[2] The uncertainty of Apple's ability to depose Plaintiff's only two witnesses within the current fact discovery period

---

[2] On August 11, 2023, Plaintiff agreed to allow Apple to depose the inventors in the United States, but contingent on the inventors' ability to timely obtain visas and Apple's willingness to conduct a consolidated deposition with Samsung. Chang Decl., ¶ 14, Ex. F.

DEFENDANT APPLE INC.'S MOTION TO STAY PENDING IPR     6     Case No. 8:22-CV-1874-JVS-JDE

weighs in favor of a stay. *See Weserve Drone, LLC*, 2020 WL 4373365, at *1 (noting "the parties have not yet noticed any fact witnesses for deposition" and "some fact witnesses are located in the United Kingdom"); *Nike, Inc.*, 2021 WL 4925447, at *4 (noting "discovery has not yet closed, depositions have not been taken"); *Caravan Canopy Int'l, Inc. v. Home Depot U.S.A., Inc.*, No. LACV 19-06224 PSG(ADSx), 2021 WL 831028, at *2 (C.D. Cal. Feb. 25, 2021) ("[D]iscovery is far from over because the parties to this motion have not taken a single deposition.").

**Third**, dispositive (and non-dispositive) motion practice certainly remains ahead, further favoring a stay. *See Barbaro Techs., LLC v. Niantic, Inc.*, No. 18-CV-02955-RS, 2019 WL 13232979, at *2 (N.D. Cal. Apr. 24, 2019) ("Courts also take into account whether dispositive motions have been filed."). Outside of Apple's motion to dismiss (Dkt. 47), no other motions, dispositive or otherwise, have been submitted to the Court. The motion practice deadline is more than eight months away (May 6, 2024), indicating motion practice likely lies ahead. *See Vivint, Inc.*, 2022 WL 18587113, at * 2 (noting "motion practice (and dispositive motions in particular) are–most likely–still ahead"); *Barbaro Techs., LLC*, 2019 WL 13232979, at *2 ("Be that as it may [claim construction briefing completed and discovery underway], it is clear that the 'costlier stages of pretrial preparation remain.'"); *Oyster Optics, LLC v. Ciena Corp.*, No. 4:20-CV-02354-JSW, 2021 WL 4027370, at *2 (N.D. Cal. Apr. 22, 2021) (rejecting argument that issues of indefiniteness were dispositive could instead be "decided when a stay is lifted").

Thus, substantial fact and expert discovery, depositions, and motion practice remain. Courts routinely stay cases where "a substantial portion of [] work—expert discovery, summary, judgment, pre-trial preparation, and trial itself—[still] lies ahead." *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014); *E.Digital Corp. v. Dropcam, Inc.*, No. 14-CV-04922 JST, 2016 WL 658033, at *2 (N.D. Cal. Feb. 18, 2016) (noting "no confidential documents have been produced, no source code has been inspected, no depositions have been

scheduled or taken, and no expert discovery has been conducted"); *Nike, Inc.*, 2021 WL 4925447, at *9 ("Although Plaintiff contends [defendant] has delayed production of discovery and otherwise slowed the pace of litigation, Plaintiff does not present any evidence to support its contentions … Plaintiff has not filed any motions to compel discovery to date.").

The issuance of a claim construction order does not change this outcome.[3] *See Caravan Canopy Int'l, Inc.*, 2021 WL 831028, at *2 (staying case following *Markman* order, where parties "still need[] to (1) finish document production, (2) conduct depositions, (3) complete and exchange expert reports, (4) file any dispositive motions, and (5) potentially proceed through a trial"); *see also UPL NA, Inc.*, 2021 WL 663128, at *2 (noting that "[a]lthough a claim construction order has been issued," significant work remained ahead, "including party depositions, expert discovery, summary judgment, pretrial preparation, and trial"). And this Court has stayed litigation well after claim construction, even with discovery about to close. *See Univ. Elecs. Inc.*, 2019 WL 6974173, at *2 (staying case after "claim construction completed, discovery about to close, and trial set for 7 1/2 months after the hearing on this motion"). As in *Universal Electronics*, the circumstances here make clear that "the bulk of [] work … has yet to be done, and a stay now would save the Court and the parties the time and expense of completing fact discovery, resolving infringement contention disputes, producing voluminous email documents, conducting expert discovery and dispositive motion practice." *Id*. at *1.

### B. A Stay Will Simplify The Issues In This Litigation

There is no question that Apple's Petition "simplif[ies] the issues in question," as it challenges all remaining asserted claims and will dispose of the entire litigation if

---

[3] Although the parties have served their infringement and invalidity contentions, both parties have agreed to supplement responses to several contention interrogatories related to infringement, invalidity, and non-infringing alternatives and have not yet done so.

successful. *Nichia Corp. v. Vizio, Inc.*, No. SACV 18-00362 AG(KESx), 2018 WL 2448098, at *2 (C.D. Cal. May 21, 2018). A stay is favored when "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *PersonalWeb Techs., LLC*, 69 F. Supp. 3d at 1027; *see also Weserve Drone, LLC*, 2020 WL 4373365, at *3 ("IPR Petition has the potential to fully resolve … Plaintiff's patent infringement claims."). This is particularly true in this case, where Plaintiff has repeatedly based its invalidity and claim construction positions on the argument that its purported invention was non-obvious because, *e.g.*, "at that time of the invention, 4.2V was the universally accepted maximum cutoff voltage for Li-ion batteries." Dkt. 42 at 4. Plaintiff has emphasized this alleged point of novelty throughout its pleadings, from the Complaint, to its briefing in opposition to Apple's motion to dismiss, to its *Markman* briefing. But the prior art asserted in the IPR is directly contrary to Plaintiff's position, and the PTAB will be able to quickly adjudge whether the '641 Patent should have issued in light of that prior art, thus preserving judicial resources.

That the PTAB has not yet made a decision on institution does not undermine the principles of judicial efficiency that weigh in favor of a stay. Courts in this District, including this Court, have "adopted the majority position that even if the IPR has not yet been instituted, the simplification factor may weigh in favor of a stay." *PureCircle USA Inc.*, 2019 WL 3220021, at *3; *see also Doc. Sec. Sys. Inc.*, 2020 WL 11421528, at *2 ("[W]hile simplification of the issues may be speculative, the **potential to save significant judicial resources favors a stay**."); *Universal Elecs. Inc.*, 2019 WL 6974173, at *2; *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037 (N.D. Cal. 2015). Indeed, this Court has stated that "even if IPR is not instituted, the simplification factor may still weigh in favor of a stay … particularly where, as here, a defendant is actively involved in the IPR process with respect to all of the asserted claims, simplification is likely." *Document Sec. Sys. Inc.*, 2018 WL 10668060, at *3; *see also Polaris PowerLED Techs., LLC*, 2020 WL 11710631, at *3 (factor weighed in favor of

a stay pre-institution because defendants petitioned for review of all asserted claims); *Weserve Drone, LLC*, 2020 WL 4373365, at *3 (factor weighed in favor of stay pre-institution because the "IPR Petition has the potential to fully resolve—if not significantly simplify—Plaintiff's patent infringement claims"). In other words, a stay through the pendency of the IPR proceedings does not outweigh the potential for simplification. *See Finjan, Inc.*, 139 F. Supp. 3d at 1037 (noting parties could "file a motion to lift the stay if any part of the petitions" were denied and the court would "reevaluate the stay if inter partes review is not instituted").

A stay offers simplification on issues of infringement and invalidity. Indeed, "if the PTAB cancels or narrows a portion of the asserted claim, the [infringement] scope of this litigation may be significantly reduced," *Doc. Sec. Sys. Inc.*, 2020 WL 11421528, at *3, avoiding an "expenditure of resources that may prove unnecessary based on the PTAB proceedings," *UPL NA, Inc.*, 2021 WL 663128, at *3. Validity issues will also be streamlined given the application of IPR estoppel and Apple's agreement not to assert the primary art references in this litigation if the IPR is instituted. Chang Decl., ¶ 3; *see Star Envirotech, Inc. v. Redline Detection, LLC*, No. SACV 12-01861 JGB (MLGx), 2013 WL 1716068, at *2 (C.D. Cal. Apr. 3, 2013) (finding simplification of the issues where "[d]efendants would be barred from seeking this Court's review on any grounds it could have raised in the IPR"). Indeed, as Apple explained at the *Markman* hearing, the Court's *Markman* Order substantially streamlines issues relating to the validity of the '641 Patent. Plaintiff's election of broad claim constructions will bear significantly on the PTAB's analysis regarding the validity of the Asserted Patent and increases the likelihood that the PTAB will cancel the Asserted Claims during the IPR process. *See PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1310–11 (Fed. Cir. 2008) (rejecting plaintiff's argument that it was "entitled to a broad claim construction for purposes of infringement and a different narrower claim construction for purposes of validity" and affirming invalidity of the asserted patents); *Idenix Pharms. LLC v. Gilead Scis. Inc.*, 941 F.3d 1149, 1156 n.3 (Fed. Cir. 2019) (finding the

asserted patent invalid for lack of enablement under the district court's "broader construction," which rejected the narrow construction proposed by defendant).

### C. No Undue Prejudice Or Tactical Disadvantage To Plaintiff

A stay would not "unduly prejudice" or "present a clear tactical disadvantage" to Plaintiff. *Document Sec. Sys., Inc.*, 2020 WL 11421528, at *3. Courts in this District have reiterated that "[t]he ***mere possibility of delay***, inherent in all proceedings, is ***insufficient to constitute undue prejudice***." *Id.* at *3. This Court has also specifically noted that non-practicing entities do not risk losing additional sales to allegedly infringing competitors. *See Polaris PowerLED Techs. LLC*, 2020 WL 11710631, at *3. Here, Plaintiff has stated it is a "company focused on licensing intellectual property" but has not indicated it manufactures, sells, or offers to sell products. Chang Decl., ¶ 6, Ex. D. Thus, Plaintiff and Apple are not competitors in the lithium-ion battery market and any harm (Apple disputes there is any) can be remedied with damages. *See Document Sec. Sys., Inc.*, 2020 WL 11421528, at *3 ("[Plaintiff] is a non-practicing entity and does not compete directly against [defendant] in the marketplace, and therefore does not risk losing additional sales should this action be stayed."); *Star Envirotech, Inc.*, 2013 WL 1716068, at *2 (no potential for irreparable harm where plaintiff not a competitor); *PersonalWeb Techs., LLC*, 2014 WL 116340, at *5 (any harm to non-competitor could be addressed through damages).[4] Further: (1) the '641 Patent issued in 2010, (2) Plaintiff asserts that the date of first infringement was 2012, and (3) Plaintiff has been asserting its counterpart patent in China since 2018, yet Plaintiff ***waited until 2022*** to file this suit in the U.S. against Apple. Plaintiff's own actions thus undermine any claim of prejudice due to delay.

---

[4] Courts have also rejected arguments of prejudice based on "speculative harm to [plaintiff's] licensing efforts." *PersonalWeb Techs., LLC*, 69 F. Supp. 3d at 1029 ("[S]peculative harm to licensing efforts does not supply a reason to deny a stay."); *see also Finjan, Inc.*, 139 F. Supp. 3d at 1038 (rejecting plaintiff's argument that its "licensing activities will be harmed by the stay").

Additionally, there will be no tactical disadvantage to Plaintiff if the case is stayed. Apple timely filed its Petition on August 23, 2023 shortly after receiving the Court's final *Markman* order on August 2, 2023, received its Notice of Filing Date Accorded on August 28, 2023, and moved for a stay on August 29, 2023. Indeed, courts have found that any purported delay in filing an IPR petition is insufficient to show the non-moving party will be unduly prejudiced or tactically disadvantaged. *See Weserve Drone, LLC*, 2020 WL 4373365, at *4 ("Congress allows a 12-month window for a Defendant to submit an IPR Petition."); *Nichia Corp.*, 2018 WL 2448098, at *3 ("[T]he Court does not find this fact [filing IPR petition on the last day of one-year statutory deadline], on its own, sufficient to change the ultimate conclusion on this factor or the overall analysis."); *Oyster Optics, LLC*, 2021 WL 4027370, at *3 n.1 (noting "the amount of time taken to draft the petition [10 months] does not appear to be unusual in light of the one-year filing deadline"); *E.Digital Corp.*, 2016 WL 658033, at *4 (finding factor weighed in favor of a stay where defendant filed its IPR petition one week before one-year statutory deadline). There is nothing to suggest Plaintiff would face any undue prejudice or tactical disadvantage because of a stay, and the approximate deadline for the PTAB to issue a decision on institution is February 2024, which is earlier than the current expert discovery cutoff in March 2024. Thus, this factor also weighs in favor of a stay. *See UPL NA, Inc.*, 2021 WL 663128, at *4 (granting a stay where defendant filed an IPR petition 12 months after the complaint was filed and moved for a stay 7 months later (after institution), as "the liberal policy in favor of stays pending IPR, the interest of judicial economy, and the potentially conclusive nature of IPR" favored a stay).

## IV.   CONCLUSION

Considered both independently and in totality, these three factors—the stage of the litigation, the potential for simplification, and the lack of prejudice to Plaintiff— "make[] a stay both efficient for the [C]ourt's own docket and the fairest course for the parties." *Nike, Inc.*, 2021 WL 4925447, at *10. At this juncture, a stay "pending the PTO's decision whether to institute IPR is the most efficient use of resources." *See*

1  *Finjan, Inc.*, 139 F. Supp. 3d at 1037. In light of the foregoing, Apple respectfully
2  requests the Court stay this case pending resolution of Apple's Petition and any
3  subsequently instituted IPR proceedings.

| | |
|---|---|
| DATED: August 29, 2023 | Respectfully submitted,<br><br>KIRKLAND & ELLIS LLP<br><br>*/s/ Ellisen Shelton Turner*<br>Ellisen Shelton Turner, P.C. (SBN 224842)<br>*ellisen.turner@kirkland.com*<br>Yungmoon Chang (SBN 311673)<br>*yungmoon.chang@kirkland.com*<br>Sarah Mikosz (SBN 329255)<br>*sarah.mikosz@kirkland.com*<br>KIRKLAND & ELLIS LLP<br>2049 Century Park East, Suite 3700<br>Los Angeles, CA 90067<br>Telephone:  (310) 552-4200<br>Facsimile:   (310) 552-5900<br><br>Brandon H. Brown (SBN 266347)<br>*bhbrown@kirkland.com*<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br>Telephone:  (415) 439-1400<br>Facsimile:   (415) 439-1500<br><br>Vanessa Sim (SBN 341107)<br>*vanessa.sim@kirkland.com*<br>KIRKLAND & ELLIS LLP<br>555 South Flower Street, Suite 3700<br>Los Angeles, CA 90071<br>Telephone:  (213) 680-8400<br>Facsimile:   (213) 680-8500<br><br>*Attorneys for Defendant Apple Inc.* |

# CERTIFICATION PER LOCAL RULE 11-6.2

The undersigned counsel of record for Defendant Apple, Inc. certifies that this brief contains 4,234 words, as calculated by the limitations in L.R. 11-6.1.

DATED: August 29, 2023

Respectfully submitted,

KIRKLAND & ELLIS LLP

/s/ Ellisen Shelton Turner
Ellisen Shelton Turner, P.C. (SBN 224842)
ellisen.turner@kirkland.com
Yungmoon Chang (SBN 311673)
yungmoon.chang@kirkland.com
Sarah Mikosz (SBN 329255)
sarah.mikosz@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone:  (310) 552-4200
Facsimile:   (310) 552-5900

Brandon H. Brown (SBN 266347)
bhbrown@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:  (415) 439-1400
Facsimile:   (415) 439-1500

Vanessa Sim (SBN 341107)
vanessa.sim@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone:  (213) 680-8400
Facsimile:   (213) 680-8500

*Attorneys for Defendant Apple Inc.*

MOTION TO STAY PENDING IPR                15         Case No. 8:22-CV-1874-JVS-JDE