UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01874-JVS (JDEx) | Date | October 4, 2023 |
| Title | RJ Tech. LLC v. Apple Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Stay [87]**

Before the Court is Defendant Apple Inc.'s ("Apple") motion to stay proceedings pending the Patent Trial and Appeal Board's ("PTAB") decision on institution and subsequent inter partes review ("IPR") proceedings if instituted. (Mot., Dkt No. 87.) Plaintiff RJ Technology LLC ("RJ") opposed the motion. (Opp'n, Dkt. No. 95.) Apple replied. (Reply, Dkt. No. 100.) The Court vacated oral argument, and neither party filed a request for hearing. Fed. R. Civ. P. 78; L.R. 7-15.

For the following reasons, the Court **GRANTS** the motion to stay.

### I. BACKGROUND

RJ filed this action against Apple on October 13, 2022, asserting infringement of U.S. Patent No. 7,749,641 ("'641 patent"). (Compl., Dkt. No. 1.) On January 5, 2023, the Court set the scheduling order. (Scheduling Order, Dkt. No. 35.) On July 31, 2023, the Court held a Markman hearing and issued its Claim Construction Order on August 2, 2023. (Claim Construction Order, Dkt. No. 82.) The dispositive motion deadline is May 6, 2024, fact discovery closes on December 8, 2023, expert discovery closes on March 8, 2024, and trial is scheduled to begin on June 25, 2024. (Scheduling Order at 1.)

On August 23, 2023, Apple filed an IPR petition before the PTAB challenging every claim of the '641 patent. (Mot. at 1.) The PTAB's institution of the IPR is expected on February 28, 2024. (Id. at 3; Opp'n at 1.)

### II. LEGAL STANDARD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01874-JVS (JDEx) | Date | October 4, 2023 |
| Title | RJ Tech. LLC v. Apple Inc. | | |

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); see also Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). In deciding whether to stay an action pending IPR, a court's discretion is typically guided by three factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013) (quoting Aten Int'l Co., Ltd. v. Emine Tech. Co., Ltd., No. SACV 09–0843, 2010 U.S. Dist. LEXIS 46226, at *20–21 (C.D. Cal. Apr. 12, 2010)). The inquiry, however, is not limited to these factors and "the totality of the circumstances governs." Allergan Inc. v. Cayman Chemical Co., No. SACV 07–01316, 2009 U.S. Dist. LEXIS 131889, at *3 (C.D. Cal. Apr. 9, 2009) (citation omitted). In addition, "[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery." Limestone v. Micron Tech., No. SACV 15–00278, 2016 U.S. Dist. LEXIS 90742, at *8–9 (C.D. Cal. Jan. 12, 2016).

### III. DISCUSSION

*A.    Stage of the Proceedings*

The Court first considers "the stage of proceedings," including the progress of discovery, the status of claim construction, and whether a trial date has been set. See Universal Elecs., 943 F. Supp. 2d at 1031. Essentially, where "there is more work ahead of the parties and the Court than behind," this factors weighs in favor of granting a stay. See Tierravision, Inc. v. Google, Inc., No. 11-CV-2170, 2012 U.S. Dist. LEXIS 21463, at *6 (S.D. Cal. Feb. 21, 2012).

Apple argues that "substantial fact discovery remains" and "expert discovery has yet to begin." (Mot. at 5.) RJ has "only produced 149 publicly available documents in connection with its infringement and claim construction positions." (Id.) Apple points out that RJ has also not produced "documents regarding the testing and experiments (including what parameters were used) referenced in the specification of the '641 Patent, licensing of the '641 Patent, or [RJ's] corporate structure." (Id.) Importantly, neither party has scheduled nor taken any depositions. (Id. at 6.) RJ only identified two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01874-JVS (JDEx) | Date | October 4, 2023 |
| Title | RJ Tech. LLC v. Apple Inc. | | |

individuals with discoverable information, but both of them reside in China.  (Id.)  While RJ agreed to allow Apple to depose the two individuals in the United States, RJ must first obtain visas for them.  (Id.; Opp'n at 10.)  RJ has admitted that this "process involv[es] significant efforts."  (Opp'n at 10.)  Besides Apple's motion to dismiss, no other dispositive motions have been submitted to the Court.  (Mot. at 7.)  The deadline for dispositive motions is May 6, 2024, which is more than seven months away.  (Scheduling Order at 1.)  However, RJ claims that the status of the litigation weighs against a stay because the Court denied Apple's motion to dismiss, issued a Scheduling Order, reviewed RJ's and Apple's claim construction briefs, held a Markman hearing, and issued a Claim Construction Order.  (Opp'n at 6–7.)

Even though a trial date has been set and this Court issued its Claim Construction Order, the Court finds that this factor weighs in favor of a stay.  Fact discovery closes on December 8, 2023 and expert discovery does not close until March 8, 2024 with trial starting on June 25, 2024.  (Scheduling Order at 1.)  Moreover, as indicated by both parties, fact discovery is not yet complete and expert discovery has not yet begun.  (Mot. at 5–6; Opp'n at 9–10.)  Thus, although the Markman hearing has taken place and this Court issued its Claim Construction Order, there is still much more work ahead.  See Purecircle U.S. Inc. v. SweeGen, Inc., No. SACV 18-1679, 2019 U.S. Dist. LEXIS 124444, at *3 (C.D. Cal. June 3, 2019) (finding that "where there is more work ahead of the parties and the Court than behind, this factor weighs in favor of granting a stay") (internal quotation marks omitted); see also Universal Elecs. Inc. v. Roku, Inc., No. SACV 18-1580, 2019 U.S. Dist. LEXIS 220758, at *4 (C.D. Cal. Nov. 4, 2019) (granting a stay with "claim construction completed, discovery about to close, and trial set for 7 1/2 months after the hearing" on the motion to stay); PersonalWeb Techs., LLC v. Facebook, Inc., No. 5:13-CV-01356, 2014 U.S. Dist. LEXIS 4095, at *13–14 (N.D. Cal. Jan. 13, 2014) (granting a stay even though "a claim construction order has been issued and the close of fact discovery is fast approaching" because "a substantial portion of the work–expert discovery, summary judgment, pre-trial preparation, and trial itself–lies ahead"); Caravan Canopy Int'l, Inc. v. Home Depot U.S.A., Inc., No. SACV 19-1072, 2021 U.S. Dist. LEXIS 45005, at *5 (C.D. Cal. Feb. 25, 2021) ("[A]lthough the Court had already issued its Claim Construction Order, the case was in its early stages because the parties still needed to (1) finish document production, (2) conduct depositions, (3) complete and exchange expert reports, (4) file any dispositive motions, and (5) potentially proceed through a trial.") (internal quotation marks omitted); UPA NA, Inc. v. Tide Int'l (USA), Inc., No. CV 19-1201, 2021 U.S. Dist. LEXIS 31467, at *6 (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-01874-JVS (JDEx) | Date | October 4, 2023 |
|---|---|---|---|
| Title | RJ Tech. LLC v. Apple Inc. | | |

Feb. 19, 2021) (staying the case after the court issued a claim construction order because "there remains significant work ahead of the parties in this litigation, including party depositions, expert discovery, summary judgment, pretrial preparation, and trial").

      The cases that RJ relies on to support its claims are inapposite. In Ravgen, Inc. v. Quest Diagnostics, Inc., No. 2:21-CV-09011, 2022 U.S. Dist. LEXIS 19271, at *10 (C.D. Cal. Feb. 2, 2022), the patents-in-suit were set to expire just five months after the PTAB's ruling on the IPR proceedings was due. Here, the remaining life of RJ's patent is through 2027. (Reply at 14.) Additionally, in Ravgen, the claim construction order was issued four months before defendant's filed a motion to stay. 2022 U.S. Dist. LEXIS 19271, at *6. Meanwhile, Apple moved to stay this case the same month this Court issued its Claim Construction Order. RJ also relied on Interwoven, Inc. v. Vertical Computer Sys., Inc., No. C 10-04645, 2012 U.S. Dist. LEXIS 30946 (N.D. Cal. Mar. 8, 2012) to support its position that the stage of litigation weighs against a stay. But in Interwoven, the court declined to stay the case where the statistics for ex parte reexamination, not IPR, reflected only a 12% chance of cancellation of the claims in their entirety. 2012 U.S. Dist. LEXIS 30946, at *10–11. Lastly, RJ relies on Polaris Innovations Ltd. v. Kingston Technology Co., Inc., No. SACV 16-00300, 2016 U.S. Dist. LEXIS 186795 (C.D. Cal. Nov. 17, 2016). In Polaris Innovations Ltd., the court declined to stay the case pending a petition for IPR because although defendant moved for review and cancellation of all six patents at issue, "the PTAB may decide to proceed on only some of the challenged claims, if it decides to proceed at all." 2016 U.S. Dist. LEXIS 186795, at *5. But the PTAB can no longer decide to proceed on only some challenged claims, "the Board *must* address *every* claim the petitioner has challenged" if an IPR is instituted. SAS Inst., Inc. v. Iancu, 138 S. Ct. 1348 (2018) (emphasis in original).

      RJ also argues that a stay in this case will affect its litigation with Samsung in the Eastern District of Texas, which alleges infringement of the same '641 patent. (Opp'n at 4–5.) RJ contends that Apple could have joined Samsung's petition for IPR on July 21, 2023, but it did not. (Id. at 8.) Although Samsung has also moved to stay, RJ claims that the Eastern District of Texas is unlikely to grant the stay given its "universal" approach of denying stays until the PTAB issues an institution decision, which will be at the end of January 2024. (Id. at 5, 8.) According to RJ, "[g]ranting a stay here would mean that one federal court will maintain the parallel litigation, while relieving the more dilatory party from its discovery obligations even before an institution decision is reached." (Id. at 9.) But "the situation is of [RJ's] own choosing." PersonalWeb Techs., 2014 U.S. Dist.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-01874-JVS (JDEx) | Date | October 4, 2023 |
|---|---|---|---|
| Title | RJ Tech. LLC v. Apple Inc. | | |

LEXIS 4095, at *21. "In revising [35 U.S.C. §] 299 to restrict joinder of defendants to those whose cases actually arise out of the same facts or transaction, Congress explicitly expressed its intent that 'parties who make completely different products and have no relation to each other' should not be treated as co-defendants.'" Id. (quoting 157 Cong. Rec. H4420–06 at H4426 (daily ed. June 22, 2011) (statement of Rep. Goodlatte)). Thus, "when choosing to file multiple cases against numerous defendants, Plaintiffs simply cannot expect to proceed along the circuitous path of litigation as if they had only filed one." Id. Moreover, if an IPR is instituted, the PTAB's decision regarding the '641 patent will likely narrow the issues in dispute with Samsung and avoid duplicative proceedings.

The Court therefore finds that this factor weighs in favor of a stay.[1]

B.   *Simplification of Issues in Question*

The Court next considers "whether a stay will simplify the issues in question and the trial of the case." Universal Elecs., 943 F. Supp. 2d at 1032. If an IPR is instituted and the PTAB issues a final written decision, Apple will be estopped from asserting invalidity based on any ground it "raised or reasonably could have raised" during the IPR. 35 U.S.C. § 315(e)(2); see also (Mot. at 10.). Apple has also "stipulate[d] not to seek resolution in the district court of any ground of invalidity that utilizes the primary references asserted in [its] Petition" for IPR. (Declaration of Yungmoon Chang ("Chang Decl."), Dkt. No. 87–2 ¶ 3.) The deadline for PTAB to issue an institution decision is February 28, 2024, which is four months before trial is set to start. (Mot. at 3.)

However, RJ argues that a "stay prior to an institution decision would be premature." (Opp'n at 10.) RJ cites decisions in this District that have denied stays where an IPR petition has not yet been instituted by the PTAB. (Opp'n at 10–11.) However, "courts in this District have adopted the majority position that even if IPR has

---

[1] The Court finds that RJ's arguments related to the filing of its motion to compel are irrelevant because that motion was filed nine days after Apple's motion to stay. (See generally Opp'n.) "'[D]istrict courts have adopted the date of the filing of the motion to stay' as the 'proper time to measure the stage of litigation.'" Olati LLC v. Haas Automation, Inc., No. CV 20-1650, 2020 U.S. Dist. LEXIS 249987, at *4 (C.D. Cal. Dec. 23, 2020) (quoting VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1316 (Fed. Cir. 2014)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01874-JVS (JDEx) | Date | October 4, 2023 |
| Title | RJ Tech. LLC v. Apple Inc. | | |

not yet been instituted, the simplification factor may still weigh in favor of a stay." Purecircle USA Inc., 2019 U.S. Dist. LEXIS 124444, at *6. See, e.g., Masimo Corp. v. Apple Inc., No. SACV 20-48, 2020 U.S. Dist. LEXIS 217483, at *6 (C.D. Cal. Oct. 13, 2020); Document Sec. Sys. v. Seoul Semiconductor Co., No. SACV 17-00981, 2018 U.S. Dist. LEXIS 236150, at *7–8 (C.D. Cal. Mar. 26, 2018); Polaris PowerLED Techs., LLC v. Hisense Elecs. Mfg. Co. of Am. Corp., No. SACV 20-00123, 2020 U.S. Dist. LEXIS 194389, at *6–7 (C.D. Cal. Aug. 26, 2020); Universal Elecs., 2019 U.S. Dist. LEXIS 220758, at *5–6; Caravan Canopy Int'l v. Home Depot U.S.A., No. SACV 19-1072, 2020 U.S. Dist. LEXIS 187782, at *6 (C.D. Cal. Aug. 19, 2020); Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc., No. SACV 16-00437, 2016 U.S. Dist. LEXIS 195061, at *4–5 (C.D. Cal. Sept. 12, 2016); Limestone, 2016 U.S. Dist. LEXIS 90742, at *14–15; Polymer Tech. Sys., Inc. v. Jant Pharmacal Corp., No. LACV 15-02585, 2015 U.S. Dist. LEXIS 179423, at *11–14 (C.D. Cal. Aug. 20, 2015); but see Polaris Innovations Ltd., 2016 U.S. Dist. LEXIS 186795, at *4–6; Hologram USA, Inc v. Vntana, 3D, LLC, No. CV 14-09489, 2015 U.S. Dist. LEXIS 184440, at *5 (C.D. Cal. Dec. 7, 2015).

Apple contends that its petition simplifies the issues in question because it challenges all remaining asserted claims of the '641 patent, which could dispose of the entire litigation if successful. (Mot. at 3, 8.) "Where a defendant is actively involved in the IPR process with respect to all of the asserted claims, simplification is likely." Masimo Corp., 2020 U.S. Dist. LEXIS 217483, at *7; see also Limestone, 2016 U.S. Dist. LEXIS 90742, at *15 ("Because Defendants have petitioned for review of nearly all claims asserted in this action, the outcome of the IPR has the potential to significantly narrow the scope and complexity of the litigation.") Thus, if the PTAB cancels all of the asserted claims, the patent claims in this action will be rendered moot. Moreover, "if institution is denied, a stay will be relatively short." Purecircle USA Inc., 2019 U.S. Dist. LEXIS 124444, at *5. See, e.g., Game & Tech. Co. v. Riot Games, Inc., No. CV 16-06486, 2016 U.S. Dist. LEXIS 187911, at *6–7 (C.D. Cal. Nov. 4, 2016) ("The undecided status of the petition clouds the simplification inquiry and makes simplification more speculative. 'However, if an IPR is not instituted, the stay will be relatively short and the action can continue with minimal delay.'") (quoting Wonderland Nurserygoods Co. v. Baby Trend, Inc., No. EDCV 14-01153, 2015 U.S. Dist. LEXIS 53053, at *8 (C.D. Cal. Apr. 20, 2015)); see also Universal Elecs., 943 F. Supp. 2d at 1033 (noting that "[t]he undecided status of the petitions clouds the simplification inquiry" but finding the simplification factor still weighed in favor of a stay).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01874-JVS (JDEx) | Date | October 4, 2023 |
| Title | RJ Tech. LLC v. Apple Inc. | | |

Accordingly, the Court finds that this factor also weighs in favor of a stay. The outcome of the IPR may significantly narrow the scope and complexity of the litigation and the parties' and Court's resources are likely to be conserved.

C.   *Undue Prejudice or Tactical Advantage*

Finally, the Court considers "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Universal Elecs., 943 F. Supp. 2d at 1032. The mere possibility of delay, inherent in all proceedings, is insufficient to constitute undue prejudice. See PersonalWeb Techs., LLC v. Apple Inc., 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014) ("Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay.").

"[A] primary issue in an undue prejudice analysis is whether the parties are competitors such that a stay would cause irreparable harm to the patentee in the market." Core Optical Techs., 2016 U.S. Dist. LEXIS 195061, at *5. Here, RJ admits that it does not compete with Apple because it "is a non-practicing entity." (Opp'n at 12.) Rather, RJ is a "newly created company focused on licensing intellectual property." (Mot. at 11; Chang Decl. ¶ 6.) Because RJ and Apple do not compete in the lithium-ion battery market, RJ does not risk losing any additional sales if a stay is granted. This is especially true given that RJ only seeks monetary damages and not injunctive relief. (See Second Amended Complaint ("SAC"), Dkt. No. 51.) See, e.g., Document Sec. Sys., 2018 U.S. Dist. LEXIS 236150, at *5–6 ("[Because Plaintiff] is a non-practicing entity and thus is not directly competing against Defendants in the marketplace[, Plaintiff] therefore does not risk losing additional sales to allegedly infringing competitors while the case is stayed.") (internal citations omitted); PersonalWeb Techs., 2014 U.S. Dist. LEXIS 4095, at *20 ("[C]onsidering the parties are not competitors, any harm from the temporary halt in enforcing Plaintiffs' rights in the asserted patents can be addressed through a final damages award.") RJ argues that although it is a non-practicing entity, that does not shield it from the inherent prejudice caused by a stay. (Opp'n at 12.) RJ relies on Reversible Connections LLC v. GBT Inc., No. CV 17-05382, 2018 U.S. Dist. LEXIS 238417 (C.D. Cal. Mar. 23, 2018) to support its position. However, in Reversible Connections LLC, the Court similarly found that plaintiff's status as a non-practicing entity meant it did not risk losing additional sales if a stay was granted, and plaintiff did

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01874-JVS (JDEx) | Date | October 4, 2023 |
| Title | RJ Tech. LLC v. Apple Inc. | | |

not contend that monetary damages would be inadequate. 2018 U.S. Dist. LEXIS 238417, at *5. Instead, the Court found that the undue prejudice factor weighed slightly against a stay because the non-filing defendants did "not agree[] to be bound by the IPR statutory estoppel provisions to the same extent as [the filing defendant]." Id. That is not an issue in this case. Apple is the only defendant in this action, will be bound by the application of IPR estoppel, and agreed not to utilize the primary art references that it asserted in its IPR petition.[2] (Mot. at 10; Chang Decl. ¶ 3; Reply at 12.)

Additionally, RJ argues that some prejudice exists due to the timing of Apple's IPR filing. (Opp'n at 12.) But RJ brought this patent infringement claim on October 13, 2022, (see Compl.), and Apple filed its IPR petition on August 23, 2022, (Mot., Ex. A). Thus, Apple filed its IPR petition within the one-year statutory period set out for IPR petitions. See 35 U.S.C. § 315(b); see also Weserve Drone, LLC v. Sz Dji Tech. Co., No. CV 19-04382, 2020 U.S. Dist. LEXIS 138497, at *9 (C.D. Cal. Mar. 17, 2020) ("While this petition was not swiftly filed, the Court notes that Congress allows a 12-month window for a Defendant to submit an IPR Petition after Defendant has been served with the Complaint.").

Thus, this factor weighs in favor of a stay.

D.  *Totality of the Circumstances*

In sum, all three factors weigh in favor of granting a stay. Having considered the totality of the circumstances, the Court **GRANTS** Apple's motion to stay pending institution of inter partes review and subsequent proceedings if instituted.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motion to stay.

---

[2] Moreover, Samsung, a non-party defendant, did agree to be bound by the IPR statutory estoppel provisions in its separate IPR petition. Samsung "stipulate[d] that it will not pursue any grounds that have been raised, or which reasonably could have been raised, in this [IPR] proceeding in connection with a challenge to the validity of the '641 patent in the co-pending district court litigation." (Declaration of Zach Ruby, Dkt. No. 95–1, Ex. 1, at 61.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:22-cv-01874-JVS (JDEx)     Date October 4, 2023

Title    RJ Tech. LLC v. Apple Inc.

**IT IS SO ORDERED.**